# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**GARY LEON WEBSTER**                                                               **PLAINTIFF**
**ADC #114018**

**v.**                       **Case No: 3:20-CV-00016-LPR**

**KAIT CHANNEL 8 TELEVISION STATION**                             **DEFENDANT**

## ORDER

Plaintiff Gary Leon Webster ("Plaintiff"), incarcerated at the Tucker Unit of the Arkansas Department of Correction, filed a *pro se* Complaint on January 16, 2020. (Doc. 1). Plaintiff did not pay the $400 filing fee[1] or file an application to proceed *in forma pauperis* at the time he filed his Complaint.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on January 16, 2020, Plaintiff filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Webster v. Does,* 3:19-CV-59-DPM (E.D. Ark. June 13, 2019); *Webster v. Pigg*, 3:19-CV-60-DPM (E.D. Ark. June 13, 2019); and *Webster v. Day Inn Motels, Inc., et al.,* 3:19-CV-78-DPM (E.D. Ark. June 13,

---

[1] Effective May 1, 2013, the cost for filing a new civil case is $400, which includes a $50 administrative fee that does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

2019). Nevertheless, Plaintiff may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that a prisoner with three strikes shall be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Plaintiff is suing KAIT Channel 8 Television Station. (Doc. 1). Plaintiff alleges that a segment that Defendant aired about Plaintiff's arrest was "malicious," as the charges against Plaintiff were *nolle prossed*. (*Id*. at 4). Based on his allegations, Plaintiff was not in imminent danger at the time he filed his Complaint. Accordingly, the imminent danger exception does not apply. This case will be dismissed due to Plaintiff's failure to pay the filing fee. Plaintiff will have thirty (30) days to reopen this case by paying the $400 filing fee in full.

It is therefore ORDERED that:

1. Plaintiff's Complaint (Doc. 1) is DISMISSED without prejudice.

2. Plaintiff has thirty (30) days from the date of this Order in which to reopen this case by paying the $400 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 26th day of February 2020.

_____
UNITED STATES DISTRICT JUDGE